# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CYNTHIA J. MCKENNA,<br>　　　　　　Appellant, | DOCKET NUMBER<br>PH-0843-24-0041-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: April 1, 2026 |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Cynthia J. McKenna</u>, Leominster, Massachusetts, pro se.

<u>Eva Ukkola</u> and <u>Kevin D. Alexander Jr.</u>, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) denying the appellant's application for her late brother's Federal Employees' Retirement System (FERS) lump sum death benefit. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

Christopher McKenna was an employee with the Department of Justice's Bureau of Prisons. Initial Appeal File (IAF), Tab 6 at 71. The submissions by OPM below include a Designation of Beneficiary form signed by Mr. McKenna on March 3, 2010, designating Sarah Enesi to receive any lump sum FERS benefit payable after his death. *Id.* at 43. Ms. Enesi was identified on the form as Mr. McKenna's sister.

OPM subsequently awarded Mr. McKenna a disability retirement annuity effective February 2011. *Id.* at 71, 81. Mr. McKenna passed away on August 15, 2022. *Id.* at 24. On January 15, 2023, Mr. McKenna's estate sought payment of his death benefit and identified the appellant and a second individual, A.R., as Mr. McKenna's surviving sisters.[2] *Id.* at 31-34, 41. On July 24, 2023, OPM issued the appellant a final decision, which advised her that she was not eligible to receive a lump sum benefit under FERS because Mr. McKenna designated another individual, Ms. Enesi, as his beneficiary. *Id.* at 18-19. The appellant alleged, and the agency did not dispute, that she received this final decision on October 17, 2023. IAF, Tab 1 at 3.

Thirteen days later, on October 30, 2023, the appellant filed this appeal alleging that Mr. McKenna was not in his "right mind" when he designated Ms. Enesi as his beneficiary. *Id.* at 3-4. She further argued that the designation of beneficiary as a whole, and her brother's signature in particular, was not authentic. IAF, Tab 11 at 1-3, Tab 12 at 4-5.

The administrative judge issued an order scheduling a telephonic hearing and requiring the parties to submit prehearing submissions and appear for a prehearing

---

[2] The appellant took over as the administrator for Mr. McKenna's estate after this application was filed. IAF, Tab 6 at 28. She filed a second application for Mr. McKenna's death benefits on behalf of the estate. *Id.* at 17, 20-23, 28.

conference. IAF, Tab 7 at 1-2. When neither party attended the prehearing conference or filed prehearing submissions, the administrative judge cancelled the appellant's requested hearing, reasoning that neither party had requested to present witness testimony. IAF, Tab 8 at 1, 4-5. The administrative judge also denied the appellant's request to reinstate the hearing. IAF, Tab 9, Tab 10 at 1. After the record closed, the administrative judge issued an initial decision, which affirmed OPM's final decision, finding that the appellant did not prove by preponderant evidence that she was entitled to a FERS lump sum death benefit based on Mr. McKenna's Federal service. IAF, Tab 13, Initial Decision (ID) at 2, 9-10.

The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. On review, the appellant reiterates that Ms. Enesi is not Mr. McKenna's sister, questions the authenticity of Mr. McKenna's signature on the 2010 designation of beneficiary form, which named Ms. Enesi as his beneficiary, and reasserts that McKenna was "not in a coherent state" when he elected Ms. Enesi as his beneficiary. *Id.* at 2-4. OPM has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

Although not raised by the appellant on review, we vacate the initial decision because the administrative judge effectively denied the appellant's right to a hearing. Appellants contesting OPM reconsideration decisions arising under a civil service retirement system, as in the instant case, are entitled to a hearing even when there is no dispute of material facts. *Gowan-Clark v. Office of Personnel Management*, 84 M.S.P.R. 116, ¶ 5 (1999) (citing *Crispin v. Department of Commerce*, 732 F.2d 919, 922-24 (Fed. Cir. 1984) (determining that, pursuant to 5 U.S.C. § 7701(a)(1), an appellant has a right to an evidentiary hearing before the Board)). The appellant requested a hearing. IAF, Tab 1 at 1, Tab 9 at 1. Therefore, the administrative judge could not cancel the hearing on the basis that the parties did not request to present witnesses.

Because the administrative judge cancelled the hearing after both parties failed to comply with her hearing and prehearing order, we have considered whether cancellation was an appropriate sanction for failure to obey this order. IAF, Tab 8 at 1, Tab 10 at 1. We conclude it was not.

An appellant's right to a hearing should not be denied as a sanction absent extraordinary circumstances. *Hart v. Department of Agriculture*, 81 M.S.P.R. 329, ¶ 5 (1999). Failure to comply with a single order does not qualify as an extraordinary circumstance that would warrant the cancellation of a hearing. *Sims v. U.S. Postal Service*, 88 M.S.P.R. 101, ¶¶ 7-8 (2001); *Caracciolo v. Office of Personnel Management*, 82 M.S.P.R. 532, ¶ 5 (1999). Here, both parties failed to respond to the hearing and prehearing order when they neither filed prehearing submissions nor appeared at the prehearing conference. IAF, Tab 8 at 1. The appellant otherwise complied with the administrative judge's orders by timely filing close of record submissions. IAF, Tab 10 at 1, Tabs 11-12. The appellant's failure to comply with a single order, the prehearing order, did not warrant cancellation of the hearing.

We remand this appeal to the regional office for the administrative judge to hold the appellant's requested hearing. On remand, the administrative judge shall afford the parties an opportunity to file prehearing submissions and shall conduct a prehearing conference. The appellant should timely respond to the administrative judge's orders on remand and provide a list of the witnesses, including herself, that she wishes to call at the hearing. Additionally, when, as here, there are genuine issues of material fact, the hearing should not be telephonic unless the appellant agrees to a telephonic hearing. *Evono v. Department of Justice*, 69 M.S.P.R. 541, 545 (1996) (providing that an administrative judge has no authority to order a telephonic hearing over an appellant's objection when there is a genuine dispute as to any material fact). These factual issues include the authenticity of Mr. McKenna's signature on the 2010 designation of beneficiary form and Mr. McKenna's competency at the time that designation was made.

Both below and on review, the appellant alleges that Mr. McKenna was not competent to make an election when he completed the designation of beneficiary form, and she questions whether the signature on the form was really Mr. McKenna's. IAF, Tab 1 at 4; PFR File, Tab 1 at 3. Annuity elections are only valid if made by competent individuals. *Dombeck v. Office of Personnel Management*, 43 M.S.P.R. 43, 45-46 (1989). The administrative judge determined that she did not have jurisdiction to consider the issue of Mr. McKenna's signature or whether he was competent at the time to make the election of a beneficiary because these issues were not addressed by OPM in its final decision. ID at 8. We disagree.

The final decision issued by OPM stated that it found that the appellant was "not entitled to a share of the lump sum death benefit in this case because [Mr. McKenna] designated his retirement to another person." IAF, Tab 6 at 18. Therefore, OPM addressed Mr. McKenna's designation of a beneficiary in its final decision, and the administrative judge's finding that the Board did not have jurisdiction to consider the appellant's claims about the legitimacy of the signature on the designation of beneficiary form or her brother's competency at the time it was allegedly signed "relie[d] on an overly narrow interpretation of the issue in this case." *Adkins v. Office of Personnel Management*, 104 M.S.P.R. 206, ¶ 5 (2006). In particular, here, OPM's July 24, 2023 final decision appears to be the first time that the appellant learned of the existence of the designation of beneficiary, effectively limiting her opportunity to raise issues regarding its legitimacy to this Board appeal. IAF, Tab 6 at 18.

Accordingly, on remand, the administrative judge should advise the appellant of the legal standard to prove whether an annuitant was mentally competent to make an election of FERS benefits. Also, while the administrative judge is correct that "[i]dentification of handwriting is to be determined by the trier of fact," on remand the appellant should be provided the opportunity to submit argument and evidence regarding this issue, including at the hearing. *Boyling v. Department of the Army*, 6 M.S.P.R. 276, 278 (1981); ID at 7.

The appellant alleges that she and A.R., not Ms. Enesi, are the proper recipients of the lump sum benefit based on McKenna's service. Lump sum benefits are paid in the following order of precedence: (1) the beneficiary or beneficiaries designated by the annuitant; (2) the annuitant's widow or widower, (3) the annuitant's children, (4) the annuitant's parents; (5) the executor or administrator of the annuitant's estate; and, finally, (6) the annuitant's next of kin. 5 U.S.C. § 8424(d). If, on remand, the administrative judge determines that the appellant was not competent to designate a beneficiary in 2010 or that Mr. McKenna's signature is not authentic, the administrative judge should determine whether the appellant is entitled to Mr. McKenna's lump sum FERS benefits according to the above order of precedence.[3]

The outcome of the appeal could directly affect the rights and interests of Ms. Enesi regarding her entitlement to Mr. McKenna's FERS lump sum death benefit. An administrative judge must invite any person or organization directly affected by an appeal to intervene. *Holser v. Office of Personnel Management*, 72 M.S.P.R. 247, 250 (1996). Therefore, on remand, the administrative judge must invite Ms. Enesi to intervene in the appeal.

---

[3] As we observed above, OPM has not contested the appellant's assertion that she received OPM's final decision on October 17, 2023. IAF, Tab 1 at 3. If true, the appeal was timely filed. *See* 5 C.F.R. § 1201.22(b)(1) (providing that an appeal must be filed, as relevant here, within 30 days of an appellant's receipt of the agency's decision). However, the appellant wrote a letter to OPM on August 3, 2023, requesting a copy of the designation of beneficiary in favor of Ms. Enesi, which suggests that she received OPM's final decision prior to that date. IAF, Tab 6 at 17. Before scheduling a hearing, the administrative judge should provide the parties with notice regarding the timeliness issue and what constitutes good cause for any untimeliness. The administrative judge may resolve the timeliness issue before or after a hearing, as appropriate. *See Braxton v. Department of the Treasury*, 119 M.S.P.R. 157, ¶ 11 (2013) (observing that an appellant who establishes a factual dispute as to whether there was good cause for her untimeliness is entitled to a hearing on the timeliness issue); *Bradshaw v. Department of Veterans Affairs*, 113 M.S.P.R. 650, ¶ 11 (2010) (finding that an appellant who establishes a genuine dispute of material fact regarding any timeliness issues is entitled to a hearing on those issues, if he requests one).

**ORDER**

For the reasons discussed above, we remand this case to regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.